IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br>ANTHONY TAYLOR LEA, MEREDITH RENEE LEA<br>　　　Debtors. | Bankr. Case No. 11-11131<br>Chapter 7 |
| EDWARD J. NAZAR, Trustee, Appellant | |
| 　　　　　　　vs. | Case No. 12-1298-JTM |
| ANTHONY TAYLOR LEA, MEREDITH RENEE LEA,<br>　　　Appellees.<br>*and* DEREK SCHMIDT, Kansas Attorney General,<br>　　　Intervenor-Appellee. | |

| | |
|---|---|
| In re:<br>LAURA LOUISE HUDSON,<br>　　　Debtor. | Bankr. Case No. 11-12855<br>Chapter 7 |
| LINDA S. PARKS, Trustee, Appellant | |
| 　　　　　　　vs. | Case No. 12-1297-JTM |
| LAURA LOUISE HUDSON, Appellee,<br>*and* DEREK SCHMIDT, Kansas Attorney General,<br>　　　Intervenor-Appellee. | |

MEMORANDUM AND ORDER

In 2011, the Kansas legislature adopted a provision that exempts Earned Income Tax Credit (EITC) benefits from the estate of a bankruptcy debtor. The bankruptcy trustees in three separate cases (*In re Taylor*, NO. 11-11131; *In re Hudson*, No 11-12855; *In re Fogle*, No.

11-13302) challenged the validity of the Kansas statute as unconstitutional. In a joint opinion, Bankruptcy Judge Robert Nugent upheld the constitutionality of the statute,[1] and two appeals from this decision are now before the court. The only issue on appeal is the constitutionality of the Kansas statute.[2]

For the reasons explained below, the court finds that the Kansas EITC exemption is a permissible exercise of state power, and the decision of the bankruptcy court is affirmed.[3]

The court initially notes that, in addition to Judge Nugent, Bankruptcy Judge Janice Miller Karlin found, in a separate decision, that the EITC exemption is constitutional. *In re Westby*, 473 B.R. 392 (Bankr. D. Kan. 2012), *aff'd*, 486 B.R. 509 (10th Cir. BAP 2013). The Bankruptcy Appellate Panel recognized Judge Karlin's opinion as both "extremely well-crafted" and "methodical and complete." 486 B.R. at 515. This is also true of Judge Nugent's considered analysis in the appeals now before this court, and the court

---

[1] *In re Earned Income Tax Credit Exemption Constitutional Challenge Cases*, 477 B.R. 791 (Bankr. D. Kan. 2012).

[2] In both appeals, Kansas Attorney General Derek Schmidt argues in support of the Kansas statute. Debtors Anthony Tyler Lea and Meredith Renee Lea have presented a separate brief supporting Judge Nugent's decision in Case No. 12-1298-JTM. Finally, in both appeals, the separate amici briefs have been submitted in support of the Kansas law by the National Association of Consumer Bankruptcy Attorneys.

[3] In addition to determining that K.S.A. 60-2315 is constitutional, Judge Nugent also correctly determined that the 2011 statute was appropriately applied to these bankruptcy cases, which were filed after the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA"). While the Kansas statute provides for an exemption to cases filed "under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.)," BAPCA is properly construed as amending rather than supplanting the Bankruptcy Reform Act. *See In re Foth*, No. 06-10696, 2007 WL 4563434 (Bankr. D. Kan. Dec. 21, 2007). Accordingly, K.S.A. 60-2315 was clearly intended to create an exemption for EITC benefits in contemporary bankruptcy practice.

accordingly adopts and incorporates the Bankruptcy Court's findings and conclusions in *In re EITC Exemption*. The Kansas EITC exemption is constitutional.

The EITC is a refundable tax credit designed to benefit low-income Americans with dependent children. *See Crowson v. Zubrod*, 431 B.R. 484, 492 (10th Cir. BAP 2010). If an individual's credit exceeds the amount of tax owed, it is considered an overpayment and refunded, even if the individual has not actually had such tax withheld. *In re Montgomery*, 224 F.3d 1193, 1194 (10th Cir. 2000). The Supreme Court has recognized that the purpose of the EITC is

> to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices.

*Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 864 (1986).

K.S.A. 60-2315 authorizes debtors in Kansas to exempt EITC benefits for one year.[4] Here, the Trustees in the relevant cases argue that the Kansas exemption violates federal

---

[4] The statute provides:

An individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may exempt the debtor's right to receive tax credits allowed pursuant to section 32 of the federal internal revenue code of 1986, as amended, and K.S.A. 79-32,205, and amendments thereto. An exemption pursuant to this section shall not exceed the maximum credit allowed to the debtor under section 32 of the federal internal revenue code of 1986, as amended, for one tax year. Nothing in this section shall be construed to limit the right of offset, attachment or other process with respect to the earned income tax credit for the payment of child support or spousal maintenance.

law because Kansas residents who are not filing a bankruptcy claim cannot claim such an exemption. Specifically, the Trustees allege that the Kansas law violates the Uniformity Clause (U.S. Const. art. I, § 8, cl. 4), and the Supremacy Clause, by conflicting with specific provisions of the Bankruptcy Code.

The Uniformity Clause provides generally that federal bankruptcy laws must "be uniform throughout the United States, but that uniformity is geographical and not personal." *Hanover Nat'l Bank v. Moyses*, 186 U.S. 181, 190 (1902). The Uniformity Clause does not preclude the flexible state laws based upon differing policies, even if this yields different results.

> Notwithstanding this requirement as to uniformity the bankruptcy acts of Congress may recognize the laws of the State in certain particulars, although such recognition may lead to different results in different States. For example, the Bankruptcy Act recognizes and enforces the laws of the States affecting dower, exemptions, the validity of mortgages, priorities of payment and the like. Such recognition in the application of state laws does not affect the constitutionality of the Bankruptcy Act, although in these particulars the operation of the act is not alike in all the States.

*Stellwagen v. Clum*, 245 U.S. 605, 613 (1918). As Judge Nugent recognized, the Uniformity Clause does not support the Trustees' argument because it reflects a restriction on congressional power rather than the authority of the States. 477 B.R. at 800. The Tenth Circuit has specifically recognized that States can create their own bankruptcy-only exemption schemes. *See In re Kulp*, 949 F.2d 1106, 1109 n. 3 (10th Cir. 1991) (deeming "meritless" the argument that the Uniformity Clause is violated if a State "creates a bankruptcy exemption which is not available to other [State] debtors").

The key case relied on by the Trustees, *In re Schafer*, 455 B.R. 590 (6th Cir. BAP 2011),

has subsequently been reversed by the Sixth Circuit, *Richardson v. Schafer*, 689 F.3d 601 (6th Cir. 2012). The Sixth Circuit explicitly agreed with the arguments of the debtor and the State of Michigan that the Uniformity Clause "permits states to act in the area of bankruptcy *even if they do so by making certain exemptions available only to debtors in bankruptcy*." 689 F.3d at 603 (emphasis added).

Similarly, in *Sticka v. Applebaum*, 422 B.R. 684, 692 (9th Cir. BAP 2009), the court found that the "uniformity requirement ... is an affirmative limitation or restriction upon Congress's power, not a limitation on the state." States are free to create bankruptcy-specific exemptions, so long as the exemptions apply "equally in form (but not necessarily in effect) to all creditors and debtors, or to 'defined classes' of debtors and creditors." *Id.* at 693; *see also In re Cross*, 255 B.R. 25, 31 (N.D. Ind. 2000) ("[o]nce we recognize that the Uniformity Clause does not apply to the states, that part of the trustee's objection is easily disposed of"). In light of *Kulp* and *Schafer*, the Trustees' Uniformity Clause arguments cannot be sustained. *See also Sheehan v. Peveich*, 574 F.3d 248, 252 (4th Cir. 2009) (upholding West Virginia bankruptcy-only exemption).

The Trustees also argue that § 60-2315 violates the Supremacy Clause, which provides: "This Constitution, and the Laws of the United States ... and all Treaties ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The Supreme Court has recognized that States are authorized to enact bankruptcy legislation, and they run afoul of the Supremacy Clause only where they conflict with federal bankruptcy legislation adopted by Congress. *Stellwagen v. Clum*, 245

U.S. 605, 615 (1918). Under the Supremacy Clause, Congress may preempt States from enacting their own laws on a given subject by doing so expressly, or by implication. *See English v. General Electric Co.*, 496 U.S. 72, 79 (1990). Implied preemption may arise when Congress occupies the field, creating so pervasive a regulatory scheme that there is simply no room for state action. *See Rice v. Santa Fe Elevator*, 331 U.S. 218, 230 (1947). Alternatively, implied preemption may also arise where the state regulation conflicts with federal law, so that it is impossible to comply with both federal and state law. *Florida Lime & Avocado Growers v. Paul*, 373 U.S. 132, 142-43 (1963).

By Section 522 of the Bankruptcy Code, Congress has expressly permitted states to create alternative exemption schemes, which Kansas has done. *See* K.S.A. 60-2312. Moreover, given the broad sweep of Section 522, there is no basis for concluding that implied field preemption exists. "[N]othing in subsection (b) [of § 522] (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all." *Owen v. Owen*, 500 U.S. 305, 308 (1991). While federal law certainly predominates in bankruptcy, Congress has expressly incorporated state law in bankruptcy cases. *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 2626, 180 L.Ed.2d 475 (2011) (Scalia, J., concurring). As a result, implied field preemption is inapplicable, and the Kansas EITC state-only exemption "must *actually conflict* with the Bankruptcy Code in order to violate the Supremacy Clause." *See Sticka v. Applebaum*, 422 B.R. 684, 689 (9th Cir. BAP 2009) (emphasis in original).

States are presumptively authorized to legislate, except where such action is contrary to the "clear and manifest purpose of Congress." *Wyeth v. Levine*, 555 U.S. 555, 565

(2009). This presumption is coupled with another: "legislation, whether by Congress or by a state, must be taken to be valid, unless the contrary is made clearly to appear." *Reid v. Colorado*, 187 U.S. 137, 153 (1902). These two principles are fatal to the Trustees' claims, and the Bankruptcy Court correctly found no conflict between state and federal law.

The Trustees argue that the Kansas EITC exemption conflicts with Code Section 541(c)(1)(B) (defining the property of the estate); Section 507 (creating distribution priorities), Section 549 (invalidating post-petition transfers), or Section 544(a)(2) (the "strong arm statute," establishing trustee rights equivalent to those of a hypothetical creditor). But no real conflict exists. As to the first three provisions, the Kansas EITC exemption operates exactly like other exemptions explicitly authorized by Section 522 — it is not a transfer of estate property because the EITC funds are exempted from the estate, and thus are not available for distribution. "Exempt property is property of the estate which a chapter 7 trustee cannot liquidate or distribute to creditors holding allowed claims, because it has been withdrawn from the estate for the benefit of the debtor." *In re Farr*, 278 B.R. 171, 177 (9th Cir. BAP 2002) (citing *Owen v. Owen*, 500 U.S. 305, 308 (1991)). The Kansas EITC exemption thus operates exactly as other exemptions do.

Similarly, Section 544 authorizes a trustee to exercise the powers of a hypothetical executing creditor, but only as to property of the estate, not exempt property. *See In re Dean and Jean Fashions, Inc.*, 329 F.Supp. 663, 666 (W.D. Okla. 1971) (citing *Seymour v Wildgen*, 137 F.2d 160, 161 (10th Cir. 1943)); *see also In re Quezada*, 368 B.R. 44 (Bankr. S.D. Fla. 2007). *Rupp v. Duffin* (*In re Duffin*), 475 B.R. 820 (10th Cir. BAP 2011), cited by the Trustees, is inapposite, as the Utah exemption at issue there affected the ability of a trustee to reach

*non-exempt* funds. *See In re Murray*, No. 12-41579, 2013 WL 1795676, *3 (Bankr. D. Kan. April 29, 2013) (finding *Duffin* "simply inapplicable" to the issue of the validity of the EITC exemption); *In re Westby*, 473 B.R. at 419 n. 189. Further, contrary to the Trustees' argument, a hypothetical executing creditor outside of bankruptcy enjoys no superior position, since such a creditor cannot effectively attach an EITC held by the IRS or Kansas Department of Revenue. *See Brockelman v. Brockelman*, 478 F.Supp. 141 (D. Kan. 1979).

The Trustees have failed in their burden to show that compliance with both K.S.A. 60-2315 and federal bankruptcy provisions are a "physical impossibility." *Florida Lime*, 373 U.S. at 142-43. The Kansas statute treats all Kansans applying for bankruptcy equally, and is not subject to challenge on the basis of the Supremacy Clause.

In the present appeals, the Trustees also cite *In re Cross*, 255 B.R. 25, 34 (N.D. Ind. 2000) and *Kanter v. Moneymaker* (*In re Kanter*), 505 F.2d 228 (1974) to support the claim that K.S.A. 60-2315 is unconstitutional. However, the Indiana exemption at issue in *Cross* was flawed because it treated spouse-debtors differently, based on whether they had filed a single or joint petition for bankruptcy. The court thus concluded that the Indiana scheme "specifically conflicts with the statutory framework Congress created for dealing with entireties property in bankruptcy proceedings involving only one spouse." 255 B.R. 32-33. The case thus has no application here.

Similarly, *Kanter* has little relevance here. In that case, the court ruled unconstitutional a California statute which sought to preserve a debtor's interest in any separate personal injury action, finding that the legislative scheme was not rationally-related to the debtor's earnings or financial rehabilitation under bankruptcy law. In

contrast, as noted above, the Kansas EITC exemption is wholly consistent with federal law and policy. Moreover, the law at issue in *Kanter* was not an exemption statute, and thus did not fall within the broad authority granted States under Section 522. *See* 505 F.2d at 230.

Finally, the court finds that the Bankruptcy Court correctly determined that there is no conflict between federal tax policy and K.S.A. 60-2315. To the contrary, the Kansas statute (which is grounded on preserving the refundable tax credit to low-income families and heads of household) actually *furthers* federal policy by ensuring that the credit remains with the low-income families it was intended to reach, rather than being seized by their creditors. *See Williams v. U.S. Fidelilty & Guaranty*, 236 U.S. 549, 554 (1915) (bankruptcy law serves to "relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh").

The court has considered all the arguments of the Trustees (No. 12-1297 Dkt. 11, 20; No. 12-1298, Dkt. 13, 24), and finds that none justify disturbing the opinion of the Bankruptcy Court; the Kansas EITC exemption is constitutionally valid and enforceable.

IT IS ACCORDINGLY ORDERED this 15th day of August, 2013, that the decision of the Bankruptcy Court is hereby affirmed.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
